All right. Our second case for this morning, I'll be specific, is appeal number 18-2358, Jack Cooper against Retrieval Masters Creditors Bureau, and we will hear first from Mr. McCormick. Good morning, Your Honors. Mr. Rick, Seth McCormick on behalf of Appellants. The court here erred primarily for two reasons. First, it considered a privileged communication that took place within a settlement conference in violation of Local Rule 83.5, and considering a settlement offer as the rejection of a settlement offer as a cutoff. Let's just stop there. I find it remarkable, given the way the law has developed for these attorneys' fees determinations, whether it's Rule 68 or whatever, you don't even have to be there, to think that Local Rule 83.5 is the kind of blanket prohibition that you seem to read it as, as opposed to something more along the lines of Evidence Rule 408. There are certain purposes for which you can't use settlements, but the district court exercising its discretion needs to know what was being discussed by settlement in determining this later phase, you know, right to attorneys' fees. Yes, Your Honor. I mean, I think the answer to that question lies in the language of the rules themselves. Federal Rule 408 specifically has a carve-out for the consideration of admissions during a settlement offer for other purposes aside from liability, and the Local Rule states in all respects that communications are privileged. That's true, but there's another thing that the Local Rule says, too. It can't be known, the settlement discussions cannot be known to the trial court or jury without consent of all parties. So, just as, for example, somebody may have a right to personal privacy, but if you file a tort action and seek personal injury damages, you're going to have to submit to a medical examination under Federal Rule of Civil Procedure 35. Here, if you are coming into the court and asking for attorneys' fees, why aren't you consenting to allow the court to examine that request, including, you know, any background of settlement offers? It's not being used for liability or anything. That's all been established. Yes, Your Honor. I mean, that's a fair question, except for that if you walk into a settlement conference and you're told and the rules tell you that everything that you say here is confidential and can't be used for any other purpose, then you're not consenting. Then that's different than a tort action, where when you're walking into court, you know that you're submitting to certain actions of the court. You know that if you have a personal injury, that they're going to look into your entire medical history. You're doing that with the knowledge beforehand that that statement or that action you're taking has consequences. Here, this local rule and the courts tell you that no matter what you do here, in all respects, this is privileged, and it can't be used for any other purpose. And that's not what Rule 408 says, and that's not what Rule 68 says. That's what Local Rule 83.5 says. Well, then how do district courts comply with moriarty if they can't take into account… And that's a great question, Your Honor. So how to comply with moriarty is that the settlement offers in this case explicitly, and in most cases, there's either an offer of judgment, which the court consider. There's settlement offers that occur outside the course of Rule 83.5 settlement conference with the court in which the court should be able to consider. But the court shouldn't be able to consider something that by its own terms is in all respects privileged. If you're finished, I have another question about this. Correct me if I'm wrong, but there was a point in the district court proceedings when these fee awards started to be discussed that RMBC put a confidential settlement docket on the record, submitted it to the court. Cooper's attorneys then filed something objecting to that being placed on the public document. This is in their reply brief in the district court on the issue of fees. They did not in that reply brief say, now that you have this information, district court, you better not use it. We have local Rule 83.5. We want you to be mindful of. In other words, Cooper's attorneys didn't object to the district court's consideration of this information at that time. Yes, Your Honor, they didn't specifically mention 83.5. They did. They did object to the use of that information. I don't think that a waiver of an argument, I think, is what you're getting at here. Did they waive the local Rule 83.5 argument? The answer is no. I think if a waiver requires a voluntary relinquishment of a known right, I think they did say that you're not permitted to use this and that you shouldn't use this. And I think that the court, this court, should be able to analyze the issues related to any judgment that the district court makes in terms of evaluating the basis for that determination. So I don't think this argument is waived, but that's your question. We don't use plain error very often in civil cases. Could I turn you to a different issue, Mr. McCormick, here? Would you agree that under Merrick v. Chesney, given the way the FDCPA fee statute is phrased, Rule 68 does not strictly apply by its terms to attorney fees here? So we decided it didn't pass? Yes, Your Honor. Do you agree with that? I do agree with that. Okay. As I understand, the decisive settlement offer the district judge relied upon here was an oral offer, is that correct? Yes, Your Honor. And how long was it open? It was open very briefly, within the same settlement conference. A matter of moments or hours? It was less than hours. Within, you know, in less than an hour. to an oral settlement offer very, very different from and without the procedural protections and substantive protections that Rule 68 provides.  Not only did they not really have time to consider kind of what the effect of rejecting that offer was, like you would in Rule 68 when everything's in writing, you've got time to discuss it, you've got time to discuss the consequences. This offer was open for, you know, the course of a settlement conference in less than because it was reduced and then replaced with a $250 offer plus attorney's fees. And then the very next day, it was replaced with an offer of judgment for $4,600. This demonstrates the lack of teeth I think the offer had in the first instance. Also, the lack of time that the plaintiffs had to go back and either accept the offer or consider the ramifications of not accepting the offer. Because once it was replaced with the offer of judgment, they don't have the option then to say, okay, we'll accept that $500 offer. So at that point, the settlement conference was over. And then, although the plaintiffs did reject the $4,600 offer of judgment, which was objectively worse than the first settlement offer and objectively worse than the offer they received, the verdict they received at trial, they did make another settlement offer of $14,000, which is more in line with, A, what they achieved at trial, and B, the attorney's fees at the time. Can I ask you, Mr. McCormick, with this case and the following one involving the same parties, has any money actually changed hands between the parties at this point? No, Your Honor. Mr. Cooper hasn't gotten his $500? No, Your Honor. Why not? Well, I think because the issue's on appeal, the check has not yet been written. But the merits aren't on appeal, are they? No, they're not. And the judgment itself is not. Indeed, I thought your position, harking back to your opponent's Article III argument, is that there was a final judgment on the merits and that the time has expired for taking any appeal from that final judgment. We're just hearing the collateral issue of fees. And that is our position. There is no Article III issue here. The judgment is undisturbed. The judgment hasn't been appealed. The time for challenging the judgment is past. The only issue on appeal in this case is the issue of the fees themselves. Do you have examples of where the court has granted, this court has granted attorneys fees after this court determined that it lacked subject matter jurisdiction? Well, in terms of a case where subject matter jurisdiction was at issue on appeal, I do not specifically, but the court does routinely retain jurisdiction for the purposes of settling fee issues under both Rule 11 and on remand under Section 1447. Those are cited in our brief. One is the Roundy's case, and one is the Hotline Industries case. And neither one is the issue here? Not precisely, no, Your Honor. I think the issue here is a somewhat different one, although I'm planning on taking it up with your opponent, and then you'll have a chance to respond if you wish. Unless your honors have additional questions, I'll reserve the remainder of my time. All right, fine. Thank you. Mr. Reck. Good morning. May it please the court, Nicholas Reck on behalf of the Appellee Retrieval Master's Creditors Bureau. I'm going to make three main points today. First is that Cooper pled a bare statutory violation of the FDCPA, suffered no injury in fact, therefore lacked standing to sue in the first place. So let me just jump in here because this case is a little more complicated than that. We certainly have a huge line of cases that have found what you're talking about, and some cases that have not. So it really depends on the facts. But the problem, as I see it, that you have is that there is a final judgment on the merits. And so that takes us away from the line of direct appeal, where you certainly would have every entitlement to raise a jurisdictional argument, such as Article III standing. And it moves us over into collateral attacks. And if you look at Supreme Court decisions, including Durfee against Duke or the Chico County case, if you look at Wright and Miller, Section 4428, what you see is that if the question of jurisdiction either could have been litigated in the first case or was actually litigated, it's done. Principles of claim preclusion and issue preclusion come into play. And you're not now allowed to essentially bring a collateral attack on jurisdiction. So had you filed an appeal from the final judgment, and I recognize it was essentially in your favor, but had you filed an appeal and said, actually, there was never any subject matter jurisdiction here at all, this should have been dismissed without prejudice. I would see this case quite differently. But I think your problem is that the final judgment, I mean, you couldn't come in right now and start arguing to us about the merits of the final judgment, that he's ineligible for statutory damages or whatever else, his wasn't a consumer transaction, the kinds of things that people argue in these cases. So that's where I think that although you're making an interesting point, I don't think this is the right case to make it in. Understood, Your Honor. This case is somewhat more analogous to Wadsworth v. Cross, where there was a final judgment entered, an FDCPA case, and then awarded reasonable attorney's fees. And no party, this is a recent case, this court, 2021, no party at the district court or at the appellate level in briefing raised the issue of subject matter jurisdiction. This court raised it. Of course, of course you would, if because it was an appeal that included the final judgment. I have no question that had there been an appeal that had included the final judgment in this case, then we would be delving into your argument very seriously. As I said, we've got cases on both sides. I'm not going to predict which way we would have come out. But it certainly would have been a proper argument. But I think in this case, unlike the one you mentioned, the appeal doesn't, you know, it's too late. There was no timely appeal taken from the final judgment. Instead, the court turned over to the attorney's fees issue. That is a collateral issue. And so. Under this line of cases that are discussed actually in quite a great deal of detail in Wright and Miller, I'm not sure that this is the right time to do this. Understood, Your Honor. We would argue that this presents an issue in which the court should consider of its own accord that appellant should have raised the issue in their opening brief. The question of subject matter jurisdiction. No, anybody can raise it, though. I mean, I don't see why the appellant had to raise it. I'm just. You would have to go against a strong line of authority that says once cases are final, we don't reopen even a subject matter jurisdiction issue. And we don't even have a cross appeal in this case. Exactly. That's correct, Your Honor. Well, just turning to the merits, then assuming that the court had subject matter jurisdiction, the appellant argues that local rule 83.5 requires district courts to ignore binding precedent in the circuit that requires them to consider substantial offers of settlement and determining a reasonable award of attorney's fees. So, Mr. Merrick, help me deal with this intersection. Let me first ask as a preliminary matter, do you agree that under Merrick against Chesney's approach to Rule 68 that it doesn't strictly apply to attorney's fees under the FDCPA? I agree that's correct, Your Honor. And so, nevertheless, I mean, Rule 68 we know has pretty stringent substantive and procedural requirements. It's a way for a defendant to put sometimes enormous pressure on a plaintiff. And we've insisted in many, many cases that the substantive and procedural requirements be strictly enforced because of the stakes. I'm very troubled, as I suggested earlier, by the notion that this exploding oral offer that was itself then also replaced by a more meager Rule 68 offer the next day was being given in essence full Rule 68 effect here by the district court. I think the key point here, Your Honor, is that in Moriarty v. Speck, the case that established that a substantial settlement offer ought to be considered by the district court. I'm not arguing with you about whether it's relevant. I'm concerned about whether it can and should be given full, decisive Rule 68 effect as a fee cutoff without complying with the procedural requirements of Rule 68. Understood, Your Honor. That's just not what occurred here. It was not used. The substantial settlement offer by RMCB, the oral offer, was not used as a blanket justification to cut off fees. Rather, at the time that the offer was made, the district court made findings. And those findings were that Cooper's attorneys knew or absolutely should have known that he was going to do no better at trial because... Well, it's that he should have accepted the offer, right? I mean, I don't know how you say that's not being given decisive effect here. It was decisive in this case, Your Honor, but it was not used as a per se blanket justification for cutting off attorney's fees. Rather, the court acknowledged the substantial settlement offer and then considered the strength of Cooper's case and found that given the facts here, Cooper was just not going to do better than that substantial settlement offer at trial. And here RMCB offered $500 plus reasonable attorney's fees, which is exactly what Cooper got after trial, which because it's roughly equal and in fact exactly equal is under majority as a matter of law, a substantial settlement offer. And the court found that this was not a there was no evidence in the record that this was a repeated violation by RMCB. There was any intent behind it. None of the statutory factors that would justify the maximum $1,000 statutory fee award that Cooper could have received. And given that there was no evidence of actual injury here, he was also very, very unlikely to get compensatory or punitive damages. And in fact, not $0 of compensatory and punitive damages. The court considered all of that at the time, in addition to the substantial settlement offer. And that is the basis for the ruling, not a per se justification based on... Sorry, but that I'm not sure I quite follow that because what all of that adds up to is Mr. Cooper and plaintiff's attorneys, you should have accepted the offer, the exploding oral offer in that settlement conference with the magistrate. That is correct, Your Honor, but I think it's worth bringing up here appellant's discussion of the Capsby-Drake case, which is how the issue of liability in Rule 68 gets brought out in the briefs. The Capsby-Drake, which is a 1983 case, is distinguishable in a number of ways, but one is absolutely critical. Capsby-Drake involved evidence from the plaintiff, testimony from the plaintiff, that his primary goal in that matter was getting an admission of liability from the officers who violated his constitutional rights. Here, not only is there no evidence in the record that Cooper cared about getting a liability acceptance under Rule 68 from RMCB, there's contrary testimony. He was asked explicitly in his deposition testimony, What do you want to get out of this case? And he said money. So cases like Capsby-Drake that imply that liability has any role to play here in the Moriarty line of cases are an opposite. I'd like to continue just by noting that there's mentions of RMCB's litigation conduct here. That's totally irrelevant to the Moriarty v. Speck substantial offer of settlement analysis because... Go ahead. You're about to answer my question. It's irrelevant because it took place after that substantial offer of settlement for one thing. So the court under Moriarty was required to assess the case at that time, found that it was a substantial offer of settlement, that Cooper was going to do no better. All of that was true at that moment, and that analysis therefore couldn't have included later litigation conduct by the appellee here. And it's also worth noting that the hypothetical proffered by the appellant here is very implausible. The argument is that if RMCB had just said that they weren't intending to impose liability, that would have saved everyone some time. The more likely thing is that RMCB would have opposed summary judgment, and that would have racked up even more fees. So just as a matter of logic, it doesn't seem to apply to the Moriarty v. Speck analysis. No, or you could have just conceded liability. That's true, Your Honor. That could have been a decision... Which is what a failure to respond to a motion for summary judgment effectively does. That's true, Your Honor. I just think that the counterfactual here is that RMCB opposes summary judgment, not concedes in advance. And regardless, given that this litigation conduct took place after the offer of settlement, the substantial offer of settlement, it just did not enter into the district court's analysis. It wasn't relevant to it. If there are no further questions, Your Honor, I'll yield back the balance of my time. All right. Thank you very much. I see none. Anything further, Mr. McCormick? Yes, Your Honor. I think this argument that the post-rejection conduct of the defendant is not correct. So they made the settlement offer during the settlement conference, even if the court can consider that. It was immediately replaced with a $250 settlement offer, and then replaced again with a suboptimal and objectively worse offer of judgment. At that point, plaintiff couldn't have gone back and said, okay, I'll accept your $500 offer. They did make a counteroffer. And then the defendants completely abandoned the case. So plaintiff at that point had no choice but to move for summary judgment. They had no choice but to move for trial, because not only were the defendants not even answering the summary judgment, they weren't responding or counter-offering the offer of settlement made by plaintiffs. Sorry, Mr. McCormick, what was the plaintiff's counter in that early April settlement discussion? $14,000, inclusive of attorney's fees. Okay, thanks. My guess is that both sides probably would have been at this point in hindsight willing to take either side's offer at this point, but maybe I'm wrong. So go ahead. And the fact that the court did not consider and did not write in his opinion that he considered these subsequent settlement offers or the conduct of the defendant means that the substantial settlement offer he talks about was actually cut off. He didn't consider it as a factor, which Moriarty requires. He used it as a threshold and then rejected all activity of all the plaintiff's efforts after that, which is not what Moriarty caps or any of the progeny of Moriarty require. And in addition, just kind of reflect back on the issue of liability and caps. And I think the way that Congress drafted the FDCPA in terms of making private litigants and making attorneys the private private attorneys general means that Congress believes that the assignment of liability in these cases is important. And so public policy matter, I take it. I mean, Mr. Cooper himself was quite frank, you know, as as Mr. Rick noted when when asked, he just said single word money, you know, but maybe we should just disregard that. Well, I think you weigh it right there. He did say that, but he also it's not as if Mr. Cooper just allowed somebody to file a case on his behalf. He he had he had skin in the game. He set for a deposition. Also are reasons why we do full jury trials on cases involving a few hundred dollars. I have to remember some jurors I called in some years ago for an FDCPA case who were, let us say, shocked that they had all been brought in and expenses travel expenses well above the stakes in the case for a balanced check case under the FDCPA. No, I agree, Your Honor. I think I mean, the state the stakes here are relatively low, but the statement but, you know, as the court has said in the Helen case, like every agreed party should be entitled to its day in court. And whether it's a civil rights action or a small consumer claim action, you know, if they're required to go to trial, they should be permitted to go to trial. And here we had settlement offers that weren't accepted and a plaintiff and a defendant was completely ignoring a case. And so we had no choice but to move on to trial. All right. Thank you very much. Thanks to both counsel. We'll take this case under advisement, and I know you're not.